JOSÉ C. RODRÍGUEZ FAVALE, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, HON. R. RAMÍREZ PABÓN, JUDGE, Respondent; JUAN C. LUGO, Intervener.

No. 5.    Argued January 12, 1949.—Decided January 31, 1949.

*Carlos García Méndez* for petitioner.    *Eudaldo Báez García* and *A. Nazario Janer* for intervener, defendant in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In 1947 the plaintiff filed this unlawful detainer suit to evict the defendant from the first floor of a two-story building which belongs to the plaintiff.    The defendant is occupying the first floor for commercial purposes under a month-to-month lease.    The plaintiff proceeded under § 12 (*d*) of the Reasonable Rents Act, Act No. 464, Laws of Puerto Rico, 1946, reading in part as follows:

"An action of unlawful detainer against tenants may be commenced only in the following cases:
    "·        ·        ·        ·        ·        ·        ·        ·

"(d) When the landlord shows, to the satisfaction of the court, that he desires in good faith to recover the premises for the purpose of demolishing the same in whole or in part with the intention of constructing a new building, provided the plans for such construction have been duly filed and approved by the proper authority . . . ".[1]

After a trial on the merits, the municipal court entered a judgment for the plaintiff, from which the defendant appealed. In the district court, at the close of the plaintiff's testimony, the defendant made a motion for a non-suit, which the lower court granted. The district court denied a motion for reconsideration of this order. We issued a certiorari to review the order.

The plaintiff's architect and engineer testified in substance that, in accordance with the plans, the building would be demolished from the roof to the first floor, with only the four brick walls remaining. The doors, windows, interior divisions, the ceiling and roof would be destroyed. With only the four walls standing and no roof, no one could possibly occupy any part of the building while the plans were being executed. The plans included such things as new floors of concrete, reinforcing the building with columns and beams encrusted in the walls, and a new zinc roof.

■■ In granting the motion for non-suit, the district court resorted to dictionary definitions of "demolition". But it failed to take into account that total demolition is not required by § 12(d). Partial demolition is enough to meet the statutory test. It is true that the statute also requires an intent to construct a "new" building. But this latter requirement does not mean that no trace of the old building may remain. If we so held, we would be frustrating the intent of the Legislature that partial demolition was sufficient. When the requirements of partial demolition and

---

[1] This provision was subsequently amended. Section 12–A, 8, as found in Act No. 201, Laws of Puerto Rico, 1948. But the terms of the amendment and § 12(d) are substantially similar with respect to the case before us.

construction of a new building are read together, it is obvious that the Legislature had in mind a situation where a layman would feel that he now had what was essentially a new building, despite the fact that some portions of the old structure were salvaged. We are aware that in some cases it might be difficult for the courts to apply the standard laid down by § 12(*d*). But the instant case was clearly covered by its terms. *Pagán* v. *Otero*, 68 P.R.R. 849. Cf. *Rivera* v. *Cobián Chinea & Co.*, 68 P.R.R. 571. The district court erred as a matter of law in granting the motion for nonsuit.[2]

The order of the district court will be vacated, and the case remanded with directions to proceed with the taking of the testimony on behalf of the defendant.

---

[2] We attach no importance to the fact that the approved plans for this structure indicated that they were for repair and modification rather than for construction of a new building. What the plans called for is decisive, not their label.